IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                Case No. 06-10162-JTM

STACY L. FISHER,

        Defendant.

MEMORANDUM AND ORDER

Currently before the court in the present action for post-conviction relief is the defendant-petitioner Stacy Fisher's Application for Leave to Proceed In Forma Pauperis. (Dkt. No. 32), as well as Fisher's Motion to Vacate under 28 U.S.C. § 2255. (Dkt. No. 31). The court has reviewed the pleadings and has determined that the motion should not be granted, and that the present petition for relief should be dismissed.

In his Motion to Vacate (Dkt. No. 31, at ¶ 12), Fisher presents one argument -- that his sentence was too high because it included an enhancement for a prior aggravated escape from (state) custody as a crime of violence. (Dkt. 31, at 5). Fisher's judgment was entered April 25, 2007. (Dkt. 30). He filed no appeal. There is no claim of newly discovered evidence; intervening Supreme Court precedent; or previous, government-imposed barrier to filing a motion to vacate.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 USC § 2255, a federal habeas petitioner seeking relief under the section must present his claim within one year

of (1) the date on which the judgment becomes final; (2) the date on which any impediment to making such a motion caused by government action is removed; (3) the date on which an applicable new Supreme Court decision is rendered; (4) or the date on which new evidence could have been discovered. In the present case, the last three alternatives are inapplicable, and only § 2255(1) is potentially applicable. *USA v. Moreno*, No. 02-10155-02-JTM, 2006 WL 208573 (D. Kan. Jan. 25, 2006).

Where no appeal is filed, a criminal conviction becomes final ten days after the entry of judgment. Fed.R.App.Pr. 4(b)(1)(A)(I). Thus, Fisher had one year from May 9, 2007 (excluding intervening weekends) to file his 2255 motion. The present motion was filed April 23, 2009.

Courts should scrutinize claims for relief *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine if the case is one in which relief may be granted. If it is not, the court should dismiss the case. *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10h Cir.1999). This dismissal under §1915(e)(2)(B) may occur "at any time" the failure to state a claim becomes apparent.

Thus, in a similar case, *United States v. Wheeler*, No. 99-40094-JAR, 2006 WL 1360442 (D. Kan. May 15, 2006), this court has recently denied a claim for *in forma pauperis* as moot where it was apparent that the petitioning inmate's § 2255 claim was untimely under the AEDPA's one year statute of limitations.

IT IS ACCORDINGLY ORDERED this 9th day of April, 2009 that the Defendant-Petitioner's Motion and Application (Dkt. No's 31, 32) are hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
