IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

            Plaintiff,

vs.                                    Case No. 06-10162-JTM

STACY L. FISHER,

            Defendant.


MEMORANDUM AND ORDER


        Currently before the court in the present action for post-conviction relief is the defendant-

petitioner Stacy Fisher's Motion to Vacate under 28 U.S.C. § 2255. (Dkt. No. 31). The court has

previously denied Fisher's motion as untimely (Dkt. No. 34), but subsequently reconsidered the

matter (Dkt. No. 44), found the motion was timely filed, and directed the United States to file a

response to the Motion to Vacate.[1]

        The court has reviewed Fisher's Motion to Vacate and finds that it should be denied on the

merits.  Fisher argues his sentence was too high because it included an enhancement for a prior

---

[1]Prior to the Order granting reconsideration, the defendant filed two motions (Dkt. No's
31, 36) seeking certificates of appealability of the Court's Order of April 9, 2009, as well as
filing a Notice of Appeal (Dkt. No. 37). The Tenth Circuit abated the appeal on June 2, 2009, in
light of the pending Motion for Reconsideration. Fisher's previous motions directed at the April
9, 2009 Order are moot in light of the Court's Order of June 29, 2009, and accordingly denied.

aggravated escape from state custody as a crime of violence. Fisher's argument does not justify the relief sought for two reasons.

First, Fisher knowingly and voluntarily waived the right to challenge the sentence imposed by means of a § 2255 motion. Here, Fisher entered into a Plea Agreement which explicitly waived any right to appeal to collaterally attack the sentence imposed. Fisher's collateral attack does not fall within any exception to the general rule upholding the enforceability of such waivers. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (collateral attack is not barred where the attack is not within the scope of the waiver, where the waiver was not knowing and voluntary, or where enforcement of the waiver would work a miscarriage of justice). Here, the waiver was broad and applied to "any right to challenge" the sentence imposed. (Dkt. 23, Plea Agr. at ¶ 10). Fisher's sentence (77 months) was consistent with the plea agreement, and his present challenge to the sentence falls within the terms of the waiver.

Further, the Court finds that the waiver was knowing and voluntary. By carefully colloquy, the Court established at the sentencing hearing that the defendant's plea of guilty was knowingly and voluntarily entered, including the agreement to waive his right to appeal or to collaterally challenge his sentence.

Nor will miscarriage of justice result by enforcement of the waiver. In this context, a miscarriage of justice arises only under limited circumstances: where the Court relied upon an impermissible factor such as race; where the waiver is invalid because the defendant received ineffective assistance of counsel; where the defendant's sentence exceeded the statutory maximum; or where the waiver is otherwise unlawful. *Hahn*, 359 F.3d at 1327. Here, the Court relied on no impermissible factor in determining the sentence to be imposed. Counsel provided effective and

capable representation, and the Court determined on the record that Fisher knew and understood the rights he was waiving.  The sentence imposed was within the statutory range, and no circumstances of the case suggest that imposition of the sentence would be otherwise be unlawful.

Further, the court finds that in any event Fisher's argument would not justify the relief sought. That is, even if the prior escape from custody is treated as a non-violent crime for sentencing purposes, Fisher still knowingly and voluntarily agreed in his Plea Agreement that he had previously been convicted to two drug felonies. (Dkt. No. 23, at ¶ 2). Thus, even without the escape conviction, the requirements of U.S.S.G. § 2K2.1(a)(2) were satisfied and the defendant's base level would have remained the same. The Court would have imposed the same sentence.

IT IS ACCORDINGLY ORDERED this 15th day of July, 2009 that the defendant's Motions for Leave Dkt. No. 36, 38) are denied as moot; his Motion to Vacate (Dkt. No.  31) is denied.

s/ J. Thomas Marten
_____
J. THOMAS MARTEN, JUDGE
